1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   In Re                                    )   No. CIV 04-0596–PHX-MHM
    Cameo Development Company, an)
10  Arizona general partnership,             )   Bankruptcy No. 97-01108-YUM-RTB
                                             )   Bankruptcy No. 98-00106-YUM-RTB
11            Debtor.                        )
                                             )   **ORDER**
12  Roland E. and Dorothy Jean Ward,         )
                                             )
13            Debtors.                       )
                                             )
14  Cameo Development Company, an)
    Arizona general partnership and Roland)
15  and Dorothy Ward, husband and wife,      )
                                             )
16            Plaintiffs/Appellants,         )
                                             )
17  vs.                                      )
                                             )
18  Charles E. Lakin and Celco, Inc.,        )
                                             )
19            Defendants/Appellees           )
    _____)

20

21          Plaintiffs/Appellants Cameo Development Company and Roland and Dorothy Ward

22  appeal from the summary judgment order entered by the Honorable Redfield T. Baum,

23  Bankruptcy Judge, United States Bankruptcy Court, District of Arizona, in favor of

24  Defendants/Appellees Charles E. Lakin and Celco, Inc., in an adversary proceeding.  The

25  parties have filed their respective briefs and record excepts for purposes of this appeal. (Doc.

26  11, 13, 14-15, & 17).  The Court heard oral argument on September 8, 2005. This Court's

27  appellate jurisdiction is based on 28 U.S.C. § 158(a).

28                                      I.

Background.

Appellant Cameo Development Company is a general partnership whose members include Mr. Ward, general partner, and Mr. and Mrs. Ward individually.  Appellee Celco, Inc., is a corporation primarily controlled and managed by Mr. Lakin.  In or about April 1995, Appellants entered into an agreement with Appellees to purchase certain undeveloped real property located in Yuma, Arizona, for $1,053,675.00.  Appellants intended to develop the property into residential subdivisions.  There has been some dispute in this case regarding whether the parties' agreements were intended to be a joint venture or buyer/seller and lender/borrower relationship.  In any event, Appellees were to provide Appellants with partial necessary financing.  In or about mid-1997, differences arose between the parties, funds were not advanced by Appellees, and Appellants were unable to meet their financial obligations with respect to the projects.

In the fall of 1997, Appellants filed for bankruptcy relief.  After filing the bankruptcy petition, Appellants petitioned the Bankruptcy Court for permission to borrow $ 425,000.00 from Mortgages Limited.  Appellees objected and proposed to loan the money to Appellants instead.  The parties reached an agreement entitled "Stipulation for Use of Cash Collateral, etc." ("the stipulation") which was approved by the Bankruptcy Court at a hearing on November 5, 1997. A dispute subsequently arose in which Appellees claimed that Appellants had breached the terms of the stipulation.  It appears that Appellees did not advance the full amount of the post-petition loan to Appellants.

On September 11, 2000, Appellants filed an adversary complaint against Appellees asserting seven state or common law claims as follows: declaratory judgment (Count I); breach of contract (Count II); breach of fiduciary duty (Count III); breach of the covenant of good faith and fair dealing (Count IV); misrepresentation (Count V); intentional interference in contractual and business relationships (Count VI); and intentional infliction of emotional distress (Count VII).  Appellants' theory in support of these claims was that Appellees had indicated that they wanted to enter into a joint venture with Appellants but when a draft joint venture agreement was prepared, Appellees advised that for "tax reasons"

the proposed joint venture had to be structured to appear as a loan. The actionable events in support of Appellants' claims were alleged to have occurred between 1995 and 1997. Appellees filed an answer to the adversary complaint.

On October 16, 2001, Appellees moved for summary judgment, contending that Appellants' claims were barred by applicable statutes of limitations. Appellees further contended that the stipulation referenced above made it clear that there were no offsets and represented a global settlement of all issues and claims between the parties.  Appellees also cited the testimony of Mr. Ward in February 2000 in which he stated that Appellants had not listed lender liability claims in the bankruptcy schedules and had no such claims at the time. Appellees' other asserted grounds for summary judgment included issue and claim preclusion, and waiver and estoppel.

Appellants filed an opposition response on summary judgment in which they argued that the stipulation had been entered strictly for the purpose of obtaining a post-petition loan and that the stipulation did not represent a global settlement.  In support of this latter argument, Appellants cited paragraph I of the stipulation as reserving the rights of the parties to have  additional issues determined at a later time.  Paragraph IV, I of the stipulation provides that "[t]he parties reserve all rights, including all rights set forth in their prior agreements, except as expressly modified herein." (Doc. 13, Appendix 3). Appellants also argued that Mr. Ward's testimony had been mischaracterized and that the equitable doctrine of recoupment prevented application of the statute of limitations bar.  Appellees filed a reply reiterating their argument that Appellants had no claims against them.

At a hearing on January 15, 2003, the Bankruptcy Court heard oral argument on Appellees' motion for summary judgment. (Doc. 13, Appendix 18).  The Bankruptcy Court granted Appellees' motion for summary judgment in part, summarizing the ruling as follows:

> The Court:  So I'll grant the motion for summary judgment by Lakin and Celco in part as follows.  Any claim for recoupment is limited to an offset basis only, no affirmative recovery.  I'm going to grant them [summary] judgment on the tort claims, that they [Appellants] can only go back two years from when they filed the complaint.  And frankly, I think the Plaintiff's going to have to go back and amend its complaint because most of that

complaint is directed to things that happened in 1995, 1996, 1997 that I think are tort actions.

I'll take under advisement the assertion by movants that the totality of the circumstances, the conduct and the failure to identify and assert this precludes them from pursuing it; but I'll say candidly I'm not sure I agree with that. But just go back and look at these cases. ...

I think [your] breach of contract claim is still viable. But your tort claims, you can only go back two years unless, when I read these authorities I conclude that I [ought] to just totally cut off.

(Doc. 13, Appendix 18 at 31-32). The Bankruptcy Court then inquired of Appellants' counsel whether Appellants intended to amend their complaint, and the following discussion occurred:

The Court:  Let me ask you this, after I rule, shouldn't you amend your complaint; or do you want to stand on it. When I read it, it really sounds primarily that you're looking at tort claims for things that happened in 1995, 1996, 1997. And by this ruling, I'm essentially saying that you can only use those for offset purposes to the amount of their claims.

Mr. Aboud (Appellants' counsel): So, don't I still need them in there. I think what you're saying is, that I can use them, but I just can't exceed –

The Court: You can use them defensively but not offensively.

Mr. Aboud: Correct.

(Doc. 13, Appendix 18 at 32).

A minute entry dated January 15, 2003 set forth the Bankruptcy Court's ruling as follows:

IT IS ORDERED granting the motion for summary judgment in part. Any claim for recoupment is limited to an off set basis only. There is no affirmative recovery. IT IS FURTHER ORDERED granting the motion on the tort claim. They can only go back 2 years from when the complaint was filed. The Court believes the complaint needs to be amended. The Court will take the assertion that the totality, circumstances, conduct & failure to identity [sic] and assert this precludes them from pursuing it under advisement.

(Doc. 13, Appendix 8).

1       In an Order filed on January 22, 2003, the Bankruptcy Court set forth its further

2   findings and conclusions on Appellees' motion for summary judgment regarding whether "the

3   stipulation constituted a final judgment on the merits for purposes of claims preclusion

4   thereby barring this action." (Doc. 13, Appendix 9).  The Bankruptcy Court concluded that

5   the stipulation did not entitle Appellees to summary judgment, stating as follows:

6           ...[T]he stipulation did not release all claims that the debtors
            might have against the defendants.  In the two cases cited above
7           and relied upon by defendants, the parties agreed to complete
            settlements of then pending litigation.  When one of the parties
8           attempted to pursue further claims in subsequent litigation, the
            courts held that the prior settlements barred the subsequent
9           claims and action.

10          There are two points which distinguish the situation here from
            defendants' authorities.  First, although the stipulation here is
11          broad in its scope, it is not a complete settlement of all claims
            between the parties.  Second, the reservation of rights expressly
12          provided, and the parties so agreed, that the parties reserved all
            rights not otherwise provided for in the stipulation.  That
13          stipulation is silent regarding whatever claims there may have
            been of the plaintiffs.
14
            [D]efendants are not entitled to summary judgment on this basis
15          and, therefore, the balance of the motion is denied.

16  (Doc. 13, Appendix 9).

17      On or about January 31, 2003, Appellees filed a renewed motion for summary

18  judgment, noting the Court's ruling that Appellants could only go back two years on the tort

19  claims.  Appellees now argued that all of the tort claims asserted by Appellants were pre-

20  petition in nature and therefore necessarily arose more than two years prior to the filing of

21  the adversary complaint, noting that the Chapter 11 petition was filed on September 29, 1997

22  and the adversary complaint was filed on September 11, 2000.  Appellees sought partial

23  summary judgment on all claims, including on the basis of recoupment.  (Doc. 13, Appendix

24  11).

25      On February 3, 2003, Appellees filed a related motion for new trial/relief from

26  judgment or order, seeking relief from the Bankruptcy Court's Order denying summary

27  judgment based on a construction of the stipulation.  (Doc. 13, Appendix 12). Appellees

28  contended that the stipulation expressly stated that it was subject to and superseded by the

1  transcript of a November 5, 1997 hearing and that this transcript indicated that the matter was

2  a settlement of issues between the parties.  The transcript of the November 5, 1997 hearing

3  has been submitted on this appeal.  (Doc. 13, Appendix 4, Exh. 14).  Appellees claimed that

4  the Bankruptcy Court had erred in failing to give consideration to the effect of the transcript

5  and other pleadings and schedules referenced in their summary judgment motion. (Doc. 13,

6  Appendix 12).

7        A minute entry dated March 18, 2003 shows that the Bankruptcy Court heard

8  argument of counsel and ordered the parties to file authority in support of their respective

9  positions.  (Doc. 13, Appendix 13).  The parties timely complied with the Order.  (Doc. 13,

10  Appendix 14 & 15).

11        On August 1, 2003, the Bankruptcy Court entered an Order which granted in part

12  Appellees' motion for summary judgment as to Counts I through III and VII of the adversary

13  complaint and denied the motion as to the remaining counts.  (Doc. 13, Appendix 16).  The

14  Bankruptcy Court determined that, based on the stipulation and previous rulings, Appellees

15  held claims against    Appellants and therefore Appellants could recoup the as yet

16  undetermined amounts of those claims "provided that such efforts relate to 'some feature of

17  the transaction upon which the claims of [Appellees] are based.'"  The Court concluded that

18  Counts I through III and VII were too independent of the loan claims to constitute

19  recoupment.  A further "flaw" based on the stipulation was noted as to Counts I through III,

20  with the Bankruptcy Court finding as follows:

21            Counts one through three, the joint venture claims have similar
              short comings in that regard and an additional flaw.  The parties'
22            stipulation provided that Lakin and Celco [Appellees] held
              various debt obligations upon which the various debtors were
23            personally liable.  Based upon that stipulation, which admitted
              and acknowledged that Lakin and Celco had various outstanding
24            loans with these debtors and that any claims that their agreement
              constituted a joint venture notwithstanding the parties written
25            agreement to the contrary are beyond the bounds of recoupment,
              the court concludes that these claims are likewise too
26            independent to constitute recoupment. The three remaining
              claims may constitute recoupment provided that such claims are
27            part of the debt transactions which are the basis for the claims of
              Lakin and Celco in these bankruptcy cases and not based upon
28            independent claims too remote form the bankruptcy claims.

- 6 -

1   (Doc. 13, Appendix 16).

2       On or about August 7, 2003, Appellants filed a motion for new trial and/or to alter or

3   amend the judgment.  (Doc. 13, Appendix 17).  Appellants contended that the Bankruptcy

4   Court was without legal authority to reverse its earlier ruling denying Appellees' motion for

5   partial summary judgment and that the August 1st ruling contravened the law of the case

6   doctrine.  In addition, the stipulation did not preclude assertion of Appellants' claims in the

7   adversary complaint.  Appellants filed a supplement to their motion which included a copy

8   of the transcript of the January 15, 2003 hearing.  (Doc. 13, Appendix 18).  Appellees filed

9   a response reasserting their estoppel and related arguments.  (Doc. 13, Appendix 19).

10      On December 2, 2003, the Bankruptcy Court filed an Order denying Appellants'

11  motion for new trial and/or to alter or amend the judgment.  (Doc. 13, Appendix 20).  The

12  Court set forth its rationale as follows:

13          The court granted summary judgment regarding count seven of
            the complaint for two reasons.  First, the claim alleged is time-
14          barred and, second, recoupment can not be used to pursue an
            independent claim, (which count seven is) that is time-barred.
15          Therefore, count seven, as alleged, is barred. Counts one
            through three, the joint venture claims involve the same defects
16          and more.  The additional problem relates to the stipulation by
            these parties that the agreements between plaintiffs and
17          defendants were loans.  Parties are bound by their stipulations.
            In re Sringpark, 623 F.2d 1377 (9th Cir. 1980), cert. denied, 449
18          U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1981).  Because
            plaintiffs are bound by their stipulations that their agreements
19          were loans they can not pursue claims alleging that the
            agreements were in fact joint ventures which thereby imposed
20          fiduciary duties upon the parties.  (id.).

21      On March 16, 2004, the Bankruptcy Court entered Judgment as to this ruling.  (Doc.

22  15, Appendix 12). (The Judgment was filed on March 8, 2004 and the parties have

23  sometimes referred to it as the March 8th Judgment).  In the Judgment denying Appellants'

24  motion, the Bankruptcy Court reiterated (1) that Count VII is time-barred and recoupment

25  cannot be used to pursue an independent claim that is time-barred; and (2) that Counts I

26  through III are barred and the parties are bound by their previous stipulation that the

27  agreements between them were loans. (Doc. 15, Appendix 12). Appellants timely filed a

28  notice of appeal from the Judgment on March 22, 2004.

II.

Discussion.

Appellants contend that the Bankruptcy Court erred in granting summary judgment as to Counts I through III and VII asserted in the adversary complaint.  Appellants argue that the law of the case doctrine precluded the Court from revisiting Appellees' summary judgment motion in the Court's August 1st Order and that Counts I through III of the complaint do not depend on the doctrine of recoupment.  Appellants also contend that it was error to grant summary judgment on Count VII because Appellants are entitled to pursue this claim to the extent based on conduct that happened within two years of the filing of the adversary complaint based on the Bankruptcy Court's January 15, 2003 ruling.  Appellants finally contend that there are genuine issues of material fact that preclude a grant of summary judgment in Appellees' favor.

(A)   This Court's Jurisdiction to Hear this Appeal.

Appellees make an argument that requires this Court to consider whether the present appeal is properly before it.  Appellees contend that the two "operative rulings" in this case are the Bankruptcy Court's Order of January 15, 2003 and the Judgment signed March 8, 2004 and filed on March 16, 2004. Appellees argue that in the January 15th Order, the Bankruptcy Court ruled that the tort claims asserted in Counts III through VII were all time-barred and that Appellees were granted summary judgment as to these Counts.  As part of this argument, Appellees contend that the January 15th Order required Appellants to file an amended complaint which they have not done.  Appellees then contend that in the second "operative" Order, the "March 8, 2004" Judgment, the Bankruptcy Court based its ruling on the stipulation of the parties and essentially held that Appellants had waived any claim of a joint venture pursuant to the terms of the stipulation which indicated that the parties had a debtor/creditor relationship.  Appellees go on to argue that the effect of the March 8th Judgment was to grant summary judgment in their favor on Counts I through III and to renew summary judgment as to Count VII.  Appellees contend that the January 15th Order and

1    "March 8th" Judgment granted summary judgment in favor of Appellees as to all seven

2    Counts set forth in the adversary complaint.

3          Appellants in their reply brief dispute Appellees' claim that summary judgment has

4    been entered against them on all of the seven Counts they asserted in the adversary

5    complaint. (Doc. 17 at 4). This Court therefore raised the issue at oral argument.

6          The Court disagrees with Appellees' claim that summary judgment has been entered

7    in their favor on all seven counts asserted in the adversary complaint. The Bankruptcy Judge

8    stated during the hearing on January 15th that the Court was granting Appellees' motion for

9    summary judgment in part and that Appellants could only "go back" two years from when

10   the complaint was filed on their tort claims asserted in Counts III through VII. The

11   Bankruptcy Judge observed that he thought Appellants should file an amended complaint

12   because  the present complaint contained allegations that went back to 1995 through 1997.

13   In fact, during the January 15th hearing, the Bankruptcy Court specifically inquired of

14   Appellants' counsel whether an amended complaint should be filed.  It appears from the

15   discussion that followed, set forth in the background facts above, that the Bankruptcy Court

16   and Appellants' counsel concurred that the allegations based on pre-1997 events could be

17   used "defensively" but not "offensively."

18          Moreover, and significantly, the Bankruptcy Court's August 1st Order granted in part

19   Appellees' renewed motion for summary judgment specifically as to Counts I through III and

20   VII and denied the motion as to the remaining Counts.  (Doc. 13, Appendix 16).  The

21   Bankruptcy Judge specifically stated in the August 1st Order that "the three remaining claims"

22   might constitute recoupment so long as they are part of the parties' loan transaction "and not

23   based upon independent claims too remote from the bankruptcy claims."  The record

24   indicates that the Bankruptcy Court discussed only Counts I through III and VII in the

25   August 1st Order, in the December 2, 2003 Order which denied Appellants' motion for new

26   trial and/or to amend the judgment (Doc. 13, Appendix 20), and in the Judgment filed on

27   March 8, 2004 (Doc. 15, Appendix 12).  This Court therefore concludes that the Bankruptcy

28

Court entered summary judgment in favor of Appellees as to Counts I through III and VII only.

Title 28, United States Code, section 158(a), provides as follows:

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1221 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.  An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

The appeal in this case involves an adversary proceeding which is "'a complete civil lawsuit within the bankruptcy action.'" In re BTR Partnership, 292 B.R. 188, 192 (D.Neb. 2003)(quoting Matter of Boucher, 728 F.2d 1152, 1153 n.2 (8th Cir. 1984)).  "[F]inality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. section 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 29 U.S.C. section 1291."  Oliner v. Kontrabecki, 305 B.R. 510, 525 (N.D.Cal. 2004)(quoting In re Belli, 268 B.R. 851, 856 (9th Cir. BAP 2001)).  Moreover, appellate courts have consistently applied Fed.R.Civ.P. 54(b) in bankruptcy adversary proceedings. Oliner, 305 B.R. at 525 (citing Belli, 268 B.R. at 856).  The March 8th Judgment filed by the Bankruptcy Court disposes of fewer than all of the claims asserted in the adversary complaint.  As discussed in Belli, "... Rule 54(b) makes plain that a 'judgment' that does not resolve an adversary proceeding as to all remaining counts and parties and that lacks a Rule 54(b) certification is not a final judgment."  Id., 268 B.R. at 856.

If there has been no Rule 54(b) certification, then the order is interlocutory, and appellate jurisdiction depends upon whether the appellate court grants leave to appeal under

28 U.S.C. § 158(a)(3). <u>Belli</u>, 268 B.R. at 857.[1]  This Court may treat a notice of appeal from an interlocutory order as a motion for leave to appeal under § 158(a)(3) and may exercise its discretion "to grant leave to appeal in order to avoid wasteful litigation and expense where the appeal presents a meritorious issue on a controlling question of law and an immediate appeal would materially advance the ultimate termination of the litigation."  <u>Id</u>.  In the Ninth Circuit, and "in the bankruptcy context, courts adopt a pragmatic approach in applying the finality requirement, as 'the idiosyncracies of bankruptcy sometimes make it difficult to discern whether orders entered in bankruptcy cases are final in the classic sense.'"  <u>In re Pacific Gas and Electric Co.</u>, 280 B.R. 506, 511 (N.D.Cal. 2002).  The finality requirements of Rules 54(b) and § 158(a) are applied with more flexibility and the focus is on "whether the order affects substantive rights and finally determines a discrete issue."  <u>Id</u>. (quoted citation omitted).

Based on the circumstances of this case, this Court will construe Appellants' notice of appeal as a motion to appeal which is granted. The Court has determined that the Bankruptcy Court's Judgment affects substantive rights and determines a discrete issue. Moreover, granting leave to appeal will serve to avoid wasteful litigation and expense and to materially advance the ultimate termination of the litigation.

(B)     <u>Standard of Review</u>.

The Bankruptcy Court's decision to grant summary judgment is reviewed de novo. <u>In re Schafer</u>, 294 B.R. 126, 129 (N.D.Cal. 2003). Federal Rule of Bankruptcy Procedure 7056 provides that Fed.R.Civ.P. 56 "applies in adversary proceedings." A motion for summary judgment may be granted only if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  To defeat the motion, the non-moving party must show that there are genuine factual issues "that properly can be resolved only by a finder of fact because they

---

[1]The Court has considered the "judge-made" exceptions to the final order doctrine discussed in <u>Belli</u>, 268 B.R. at 857, and as in that case, finds none of them applicable.

1   may reasonably be resolved in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477

2   U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986).  The party opposing summary judgment "may

3   not rest upon the mere allegations or denials of [the party's] pleadings, but ... must set forth

4   specific facts showing that there is a genuine issue for trial."  Rule 56(e).  <u>See also</u>,

5   <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87, 106 S.Ct. 1348,

6   1356 (1986).

7          A motion to alter or amend the judgment is appropriate to correct manifest errors of

8   fact or law or to present newly discovered evidence.  <u>In re Oak Brook Apartments of Henrico</u>

9   <u>County, Ltd.</u>, 126 B.R. 535, 536 (S.D.Ohio 1991).  Denial of such motions are reviewed

10  under an abuse of discretion standard.  <u>Carter v. United States</u>, 973 F.2d 1479, 1488 (9th Cir.

11  1992).

12          (C)      <u>Appellants' Argument Based on the Law of the Case Doctrine</u>.

13          The Bankruptcy Court's January 15th ruling did not dispense with all seven counts

14  asserted in the adversary complaint. Rather, the Bankruptcy Court indicated that its ruling

15  dealt with "the tort claims."  The Bankruptcy Judge specifically stated at the January 15th

16  hearing that Appellants' contract claim was "still viable."

17          Pursuant to Fed.R.Civ.P. 54(b), all orders of a district court are "subject to reopening

18  at the discretion of the district judge" absent an express entry of a final judgment. Rule 54(b),

19  Federal Rules of Civil Procedure, which applies to bankruptcy cases, provides that, where

20  multiple claims are presented and upon proper findings, the district court may direct the entry

21  of final judgment as to one or more but fewer than all of the claims. Rule 54(b) further

22  provides in relevant part:

23          In the absence of such a determination and direction , any order
            or other form of decision, however designated, which
24          adjudicates fewer than all the claims or the rights and liabilities
            of fewer than all the parties shall not terminate the action as to
25          any of the claims or parties, **and the order or other form of
            decision is subject to revision at any time before the entry of**
26          **judgment adjudicating all the claims and the rights and**
            **liabilities of all the parties**.

27

28

1    Rule 54(b)(emphasis added).  The district court's discretion under Rule 54(b) has been held

2    to be properly exercised only within the confines of the law of the case doctrine. W.

3    Birkenfeld Trust v. Bailey, 837 F. Supp. 1083, 1085 (E.D. Wash. 1993).  "Under the law of

4    the case doctrine 'a court is generally precluded from reconsidering an issue previously

5    decided by the same court, or a higher court in the identical case.'" Ingle v. Circuit City, 408

6    F.3d 592, 594 (9th Cir. 2005)(quoting United States v. Lummi Indian Tribe, 235 F.3d 443,

7    452 (9th Cir. 2000)).

8          Application of the doctrine is discretionary, Id.; "[t]he law of the case doctrine is 'not

9    an inexorable command.'" United States v. Smith, 389 F.3d 944, 949 (9th Cir. 2004)(quoted

10   citation omitted), cert. denied, 125 S.Ct. 1721 (2005).  The doctrine is "'wholly inapposite' to

11   circumstances where a district court seeks to reconsider an order over which it has not been

12   divested of jurisdiction." Smith, 389 F.3d at 949 (citing City of Los Angeles v. Santa Monica

13   Baykeeper, 254 F.3d 882, 888 (9th Cir. 2001)).  As noted in Santa Monica Baykeeper, 254

14   F.3d at 888-89, "[a]ll rulings of a trial court are subject to revision at any time before entry

15   of judgment." See  Belli, 268 B.R. at 857(until such time as the Bankruptcy Court directs

16   that final judgment be entered pursuant to a Rule 54(b) certification, "the court remains free

17   ... to change its mind ...").

18         The Bankruptcy Court did not certify its January 15th ruling under Rule 54(b).  The

19   Bankruptcy Judge was free to reconsider or change his mind until entry of final judgment.

20   Appellants' argument that the Bankruptcy Court was without legal authority to enter the

21   subsequent August 1st Order based on the law of the case doctrine is rejected.

22         (D)    Appellants' Argument that the Bankruptcy Court erred in its
                  August 1st Order granting   Summary Judgment in favor of
23                Appellees on Counts I through III and VII.

24         In the August 1st Order the Bankruptcy Court ruled in part that Counts I through III,

25   "the joint venture claims," were barred based on the parties' stipulation.  These counts

26   referred to Appellants' claims for declaratory judgment, breach of contract and breach of

27   fiduciary duty and were premised on allegations that the parties' pre-petition relationship was

28   that of a joint venture.  The Court construed the stipulation as providing that Appellees held

1   "debt obligations" on which the debtors were liable.  The Bankruptcy Court's August 1st

2   ruling occurred as a result of Appellees' renewed motion for summary judgment which

3   referred to the transcript of a November 5, 1997 hearing during  which the terms of the

4   stipulation were stated on the record.

5           The Court has reviewed the stipulation and the transcript of the November 5, 1997

6   hearing.  Part I, paragraphs A through J, of the stipulation indicate that the parties pre-

7   petition relationship was that of borrower/lender.  For example, paragraph A states that "[o]n

8   or about April 12, 1995, Cameo entered into a Purchase Agreement with Lakin, Seller," to

9   purchase real property commonly referred to as Victoria Meadows.  Paragraph B states that

10  "[o]n or about April 2, 1995, Cameo entered into a Loan Agreement with CELCO for the

11  acquisition of Victoria Meadows."  Paragraph D states that "[o]n or about August 15, 1995,

12  Cameo entered into a Purchase Agreement with Lakin, as seller, to purchase certain real

13  property ... known as Dunes III ..."  Paragraphs E and G refer to the parties' "loan

14  agreement[s]."  Paragraph I states that "[o]n or about February 1, 1997, Cameo and the

15  Wards entered into a Business Loan Agreement ..."  Paragraph J states that "[o]n or about

16  February 1, 1997, Cameo and the Wards executed a promissory note in favor of Lakin ..."

17  The comments of counsel at the November 5, 1997 hearing described the parties' pre-petition

18  relationship as involving loans.

19          The Bankruptcy Court clarified in the December 2, 2003 Order denying Appellants'

20  motion for new trial, etc., that Appellants "are  bound by their stipulations that their

21  agreements were loans [and] they can not pursue claims alleging that the agreements were

22  in fact joint ventures which thereby imposed fiduciary duties upon the parties."  (Doc. 13,

23  Appendix 20).  See, e.g., Dimidowich v. Bell & Howell, 803 F.2d 1473, 1477 n.1 (9th Cir.

24  1986)(parties generally may "fix the facts" by stipulation).

25          As to Count VII, the claim for intentional infliction of emotional distress, the

26  Bankruptcy Court determined that the claim was time-barred and that it was too remote from

27  the loan claims to constitute recoupment.  In Arizona, a two-year statute of limitations

28  applies to the tort of intentional infliction of emotional distress.  See Hansen v. Stoll, 636

1    P.2d 1236, 1242 (Ariz. App. 1981)(citing Ariz. Rev. Stat. Ann. § 12-542(1)).  Appellants'

2    allegations set forth in the adversary complaint were based on events that occurred between

3    1995 and 1997.  Appellants filed the adversary complaint on September 11, 2000.  The claim

4    for intentional infliction of emotional distress asserted in Count VII therefore was time-

5    barred.

6           Based on the discussion that occurred during the January 15th hearing, the Bankruptcy

7    Court indicated that any time-barred tort claim could proceed under a recoupment theory.

8    Both federal and Arizona law recognize that a statute of limitations is not a bar to a

9    recoupment defense.  Aetna Finance Company v. Pasquali, 626 P.2d 1103, 1105 (Ariz. App.

10   1981).  "A recoupment defense survives as long as plaintiff's claim can be asserted, even

11   though defendant's claim would be barred by the statute of limitations if brought as an

12   affirmative action."  Id.   Recoupment is "in the nature of a defense arising out of some

13   feature of the transaction" upon which the plaintiff's action is grounded.  Id.  In other words,

14   the right to plead recoupment survives if the defense arises from the existence or foundation

15   of the transaction upon which plaintiff's claim is based.  If the recoupment claim is

16   independent of the plaintiff's claim, it cannot survive the expiration of the period provided

17   by the statute of limitations.  Beach v. Ocwen Federal Bank, 523 U.S. 410, 415, 118 S.Ct.

18   1408 (1998).

19          In the August 1st and December 2nd Orders, the Bankruptcy Court noted that

20   Appellees had claims against Appellants, i.e., the "debt obligations", as evidenced by the

21   stipulation and previous rulings in the bankruptcy proceedings.  The Court further reasoned

22   that Appellants could assert their tort claims in the adversary complaint against Appellees

23   in an effort to "recoup" any undetermined amounts even though such claims might be time-

24   barred.  However,  Appellants could proceed on their tort claims provided that Appellants'

25   efforts were related to the transaction on which the claims were based, that is, the parties'

26   loan transactions. The Bankruptcy Court concluded that Count VII's claim for intentional

27   infliction of emotional distress was too independent of the loan claims to constitute

28   recoupment.

1    The elements of a cause of action for intentional infliction of emotional distress are

2   that the defendant's conduct must be "extreme" and "outrageous," the defendant must either

3   intend to cause emotional distress or recklessly disregard the near certainty that such distress

4   will result from his conduct, and that severe emotional distress has occurred as a result of the

5   defendant's conduct.  Johnson v. McDonald, 3 P.3d 1075, 1080 (Ariz. App. 1999).  This

6   claim cannot be said to have arisen from the loan transactions upon which Appellees' creditor

7   claims are based.

8    The Bankruptcy Court did not err in its legal conclusions based upon this Court's de

9   novo review.  The Bankruptcy Court's ruling was not an abuse of discretion. It is unnecessary

10  to consider Appellants' argument that genuine issues of material fact precluded entry of

11  summary judgment in Appellees' favor.

12   **Accordingly**,

13   **IT IS ORDERED** that the Bankruptcy Court's Judgment filed on March 8, 2004 is

14  affirmed.

15   DATED this 28th day of September, 2005.

16

17

18   _____
Mary H. Murguia

19   United States District Judge

20

21

22

23

24

25

26

27

28