**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br>Cameo Development Company, an Arizona general partnership,<br>   Debtor.<br>Roland E. and Dorothy Jean Ward,<br>   Debtors.<br>Cameo Development Company, an Arizona general partnership and Roland and Dorothy Ward, husband and wife,<br>   Plaintiffs/Appellants,<br>vs.<br>Charles E. Lakin and Celco, Inc.,<br>   Defendants/Appellees | No. CIV 04-596–PHX-MHM<br><br>Bankruptcy No. 97-01108-YUM-RTB<br>Bankruptcy No. 98-00106-YUM-RTB<br><br>**ORDER** |

On September 30, 2005, the Court entered an Order affirming the Bankruptcy Court's Judgment filed on March 28, 2004. (Doc. 21). Plaintiffs/Appellants Cameo Development Company and Roland and Dorothy Ward ("Appellants") have filed a motion for reconsideration of the Court's Order. (Doc. 22).

Pursuant to Local Rule 7.2(g), "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than ten (10) days after the filing of the Order that is the subject of the motion." Appellants filed their motion for reconsideration on October 24,

2005, a date more than ten days after this Court's Order entered on September 30, 2005. A statement of good cause for the delay does not appear in the motion for reconsideration. A motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) also shall be filed no later than ten days after entry of the judgment and thus would have been untimely.

Under Fed.R.Civ.P. 60(b), a party may seek relief from a final judgment, order or proceeding upon a showing of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... or (6) any other reason justifying relief from the operation of the judgment." Rule 60(b) provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2) and (3), not more than one year after the judgment, order, or proceeding was entered or taken." Appellants' motion for reconsideration has been considered under Rule 60(b).

Appellants contend that the Court's ruling affirming the Bankruptcy Court's grant of summary judgment dismissing Counts I through III is "wrong" for two reasons. First, Appellants point out, as they did in their appellate brief, that the stipulation between the parties was an agreement reached to enable Appellants to obtain post-petition financing. Appellants argue that the Court overlooked the provision in the stipulation that the parties reserved all rights under their prior agreements. Appellants contend that this reservation provision meant that the parties were not waiving any other rights or claims not therein specified. Appellants cite the Bankruptcy Court's initial ruling of January 22, 2003 which recognized that the stipulation was broad in its scope and was not a complete settlement of all claims between the parties.

Second, Appellants argue that the Bankruptcy Court erred in its Order entered on August 1, 2003 in referring to the parties' stipulation which acknowledged and admitted that Appellees had various outstanding loans "with these debtors." Appellants also cite as error the Bankruptcy Court's ruling in its December 2, 2003 Order wherein the court stated that "[b]ecause plaintiffs [Appellants] are bound by their stipulations that their agreements were loans they can not pursue claims alleging that the agreements were in fact joint ventures

1 which thereby imposed fiduciary duties upon the parties." Appellants contend that the "findings" by the Bankruptcy Court in these two Orders were in large part determinations of disputed issues of fact making summary judgment inappropriate. Appellants contend in their motion for reconsideration that the parties' initial agreement was a joint venture and that Appellees insisted that the transaction should appear as loans despite the intent of the parties. Appellants seek reconsideration and reversal of this Court's Order affirming the Bankruptcy Court's ruling on summary judgment.

This Court's Order discussed the various rulings by the Bankruptcy Court leading up to the ruling that granted in part Appellees' motion for summary judgment. As discussed, the Bankruptcy Court initially denied Appellees' motion for summary judgment on January 22, 2003. Appellees then filed a renewed motion for summary judgment and a motion for new trial/relief from judgment or order in which Appellees brought to the Bankruptcy Court's attention the transcript of a November 5, 1997 hearing. The Bankruptcy Court subsequently entered the two Orders discussed above which Appellants contend were erroneous. In the August 1, 2003 Order, the Bankruptcy Court granted in part Appellees' motion for summary judgment as to Counts I through III of the adversary complaint. In the December 2, 2003 Order, the Bankruptcy Court denied Appellants' motion for new trial and/or to alter or amend the judgment.

This Court in its Order affirming the Bankruptcy Court's Judgment reviewed the stipulation and the transcript of the November 5, 1997 hearing. The stipulation by its terms became effective November 5, 1997. The Court highlighted the various provisions in the stipulation which referred to the parties' 1995 "loan" agreements. During the November 5, 1997 hearing, counsel for the parties put the terms of the stipulation on the record. Counsel for the debtor referred to the stipulation as "a sort of all-encompassing post-petition financing stipulation." (Transcript dated November 5, 1997 ("transcript") at p. 4). Counsel described the various financing arrangements as "loans". Counsel also stated, "[b]ecause this is already our lender, they've agreed to waive a lot of the normal requirements." (id., at p. 5). Appellants do not dispute these facts of record.

Instead, Appellants contend in their motion for reconsideration that the testimony of "independent witnesses" with whom Mr. Lakin dealt said he "held himself out and behaved as a partner, not a mere lender" and that the first draft of the parties' agreement described the arrangement as a joint venture. Appellants also contend that these and many other facts were brought to the attention of the Bankruptcy Court, referring to Appendix Item 6.

Appellants advanced the same or very similar arguments in their appellate briefs (see Appellants' opening brief at pp. 9-11) which the Court considered and rejected based on the record. Appellants have not demonstrated manifest errors of fact or law justifying reconsideration.

**Accordingly**,

**IT IS ORDERED** that Plaintiffs/Appellants' motion for reconsideration (Doc. 22) is denied.

DATED this 3rd day of March, 2006.

_____
Mary H. Murguia
United States District Judge